IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **DARRELL C. BLOOMQUIST,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF UTAH et al.,**<br><br>Defendants. | **MEMORANDUM DECISION**<br><br>**Case No. 2:15-cv-00848-CW-PMW**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court permitted Plaintiff Darrell Bloomquist ("Plaintiff") to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.[2] Before the court is Plaintiff's motions for service of process on defendants Charles Anderson and Carl Merino.[3]

When a case is proceeding under the IFP statute, officers of the court are required to issue and serve all process and perform all duties related to service of process. 28 U.S.C. § 1915(d). At the same time, the IFP statute requires the court to screen the complaint in such a case to determine whether it should be served upon the named defendants or dismissed. 28 U.S.C. § 1915(e)(2)(B). In this case, the court has not yet completed that screening process and, consequently, has not yet made a determination about whether Plaintiff's complaint in this case

---

[1] Docket no. 7.

[2] Docket nos. 71.

[3] Docket nos. 25 and 26.

should indeed be served on the named defendants. For that reason, Plaintiff's motions for service of process are unnecessary and are **DENIED** at this time. As indicated above, the court will screen Plaintiff's complaint and determine whether it should be served on the named defendants. It is unnecessary for Plaintiff to take any action to trigger that process.

**IT IS SO ORDERED.**

DATED this 14th day of September, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge