# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **DARRELL C. BLOOMQUIST,**  Plaintiff,  v.  **STATE OF UTAH et al.,**  Defendants. | **MEMORANDUM DECISION**  **Case No. 2:15-cv-00848-CW-PMW**  **District Judge Clark Waddoups**  **Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court permitted Plaintiff Darrell Bloomquist ("Plaintiff") to proceed *in forma pauperis* under 28 U.S.C. § 1915.[2] Before the court is Plaintiff's motion for appointment of counsel.[3]

"The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the court considers certain factors "including the merits of the litigant's claims, the

---

[1] Docket no. 7.

[2] Docket no. 71.

[3] Docket no. 24.

nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors here. First, the merits of Plaintiff's claims are unclear at this point because the court has not yet completed the full IFP screening process. However, having conducted an initial review of Plaintiff's claims, the court has concerns about the merit of the claims. Second, there is no indication that Plaintiff is incapacitated or unable to pursue or present this case adequately. Finally, the court has determined that the issues raised by Plaintiff's complaint do not appear to be complicated or difficult to explain. Further, at this stage, the court is concerned only with the sufficiency of the pleadings, and the court does not believe that appointed counsel would materially assist Plaintiff in describing the facts surrounding the alleged injuries. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury").

Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** at this time. If it appears that appointment of counsel is necessary after the case is fully screened, the court may ask an attorney to appear on Plaintiff's behalf at that time.

**IT IS SO ORDERED.**

DATED this 14th day of September, 2016.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge