IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARRELL BLOOMQUIST,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al,<br><br>　　　　　　　　Defendants. | **AMENDED[1] ORDER ADOPTING REPORT AND RECOMMENDATION AND MISCELLANEOUS ORDERS**<br><br>Case No. 2:15-cv-00848<br><br>Judge Clark Waddoups |

　　　　This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. No. 7). On September 14, 2016, Judge Warner issued docket text orders denying plaintiff's motion for hearing (Dkt. No. 70) and granting motion for leave to proceed in forma pauperis (Dkt. No. 71) and Memorandum Decision orders denying plaintiff's motion for service of process (Dkt. No. 72) and motion to appoint counsel. (Dkt. No. 73). On September 19, 2016, Judge Warner issued a Report and Recommendation recommending that the court dismiss Mr. Bloomquist's complaint against the State of Utah, the Utah Office for Victims of Crime, Salt Lake County, the Salt Lake County Sheriff's Department, the Cottonwood Heights City Police Department, and several individual officers. (Dkt. No. 74). Mr. Bloomquist timely filed an objection to Judge Warner's denial of miscellaneous orders and to the Report and Recommendation. (Dkt. No. 75.)

---

[1] This order has been modified to eliminate reference to any objection to the order granting Motion for Leave to Proceed In Forma Pauperis (Dkt. No. 71).

Federal law categorizes magistrate judge decisions into two categories: nondispositive and dispositive." Fed. R. Civ. P. 72. When a magistrate judge's decision concerns a nondispositive matter, the district judge is to "set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* at 72(a). When a magistrate judge's decision concerns a dispositive matter, the district judge is only to recommend a disposition and, upon timely objection by one of the parties, the district court judge is to review the magistrate judge's recommendation de novo. *Id.* at 72(b).

The court has reviewed the Report and Recommendation de novo and has carefully considered Mr. Bloomquist's Complaint and subsequent pro se pleadings pursuant to the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2). The court has also carefully considered Mr. Bloomquist's objection and defendants' response. After doing so, the court agrees with Judge Warner's analysis that Mr. Bloomquist's claims are time-barred, that his § 1983 claims against the state or arms of the state are barred by sovereign immunity, that his § 1983 claims cannot be brought against non-persons such as states, state subdivisions, and other departments and agencies, and that his claims are barred by his failure to provide timely notice under the Governmental Immunity Act of Utah. Furthermore, the court rejects Mr. Bloomquist's argument, made for the first time in his objection, that the state is liable under § 1983 on a respondeat superior theory based on the reasoning in defendants' objection. *See also City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989). Accordingly, the court APPROVES AND ADOPTS Judge Warner's Report and Recommendation (Dkt. No. 74) in its entirety.

The court has also reviewed Judge Warner's miscellaneous orders denying a motion for hearing, denying a motion for service of process, and denying plaintiff's motion to appoint

counsel for clear error of law. The court finds no fault with the Magistrate Judge's conclusion that a hearing is not necessary to assist the court in determining the matters before it, and that the appointment of counsel in civil case is left to the sound discretion of the court. The decision to appoint counsel requires the court to evaluate, among other factors, the merits of the case. *Rucks v. Boergermann*, 47 F.3d 978, 979 (10th Cir. 1995). In light of the court's conclusion that plaintiff's claims are barred as outlined above, the court finds that the merits of plaintiff's case do not warrant appointment of counsel. Similarly, in light of the court's conclusion that plaintiff's claims are barred as outlined above, the court finds that the motion for service of process were properly denied. Accordingly, the court directs the Clerk of Court to dismiss the case in its entirety.

SO ORDERED this 30th day of September, 2016.

BY THE COURT:

_____
Clark Waddoups
United States District Judge